Donna T. Parkinson – State Bar Number 125574
Thomas R. Phinney – State Bar Number 159435
**PARKINSON PHINNEY**
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone:     (916) 449-1444
Facsimile:     (916) 449-1440
E-Mail: donna@parkinsonphinney.com

Attorneys for Zions First National Bank

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No.: 3:10-bk-30773-TEC-13IN |
| MOHANDER SINGH REKHI, | RS #: PP1 |
| Debtor. | |
| Tax I.D. No. XXX-XX-8796 | |

**EX PARTE MOTION TO ANNUL THE AUTOMATIC STAY
FILED BY ZIONS FIRST NATIONAL BANK**

Zions First National Bank ("Zions") hereby moves the Court for an Ex Parte Order to Annul the Automatic Stay based on the fact that the instant bankruptcy filing was a sham and the debtor Mohander Singh Rekhi (the "Debtor") should not benefit from the automatic stay as a consequence of the filing. The Motion is based on the Declaration of David Lynn ("Lynn Declaration") and the points and authorities set forth herein.

The Application is based on the fact that the Debtor filed this sham bankruptcy case, his second case in five months, one hour prior to a foreclosure sale and failed to provide notice of the filing of the petition to Zions. The petition was incomplete, failed to provide a social security number, failed to provide a mailing matrix and had numerous other deficiencies. The Debtor also failed to pay the filing fee. Subsequently, the Court order the Debtor to provide a social security number and dismissed the case on March 17, 2010, when he did not. The stay should be annulled so that Zions' foreclosure sale to a third party is a valid sale.

///

## INTRODUCTION

1. The Bankruptcy Court has jurisdiction over this proceeding pursuant to sections 105, 361 and 362 and sections 157 and 1334 and Federal Rules of Bankruptcy Procedure, Rule 9014 as a contested matter. This proceeding is a core proceeding pursuant to section 157(b).

2. The Debtor and his spouse filed on or about October 19, 2009 a voluntary petition ("1st Case") for relief under chapter 11 in the United States Bankruptcy Court for the Northern District of California, case number 09-33202-11. Zions asks that the Court take judicial notice of the 1st Case. See RJN.

3. The 1st Case was filed three days after Zions recorded a Notice of Default on October 16, 2009. RJN; Lynn Declaration, Exhibit 1.

4. The 1st Case was dismissed on January 30, 2010 because the debtors are ineligible to be debtors under 11 U.S.C. section 109(h) (failed to obtain and file credit counseling certificate). The Court in the dismissal order also required the debtors' attorney, if he were to refile the case, to handle the case without payment, pay all filing fees and correct all the deficiencies that occurred in the 1st Case. RJN.

5. Zions scheduled a foreclosure sale for March 8, 2010 at 2:00 p.m. Lynn Declaration, Exhibit 2. One hour before the sale, however, at 1:03 p.m., the Debtor filed another voluntary petition ("2nd Case") for relief under chapter 13 in the United States Bankruptcy Court for the Northern District of California, case number 3:10-bk-30773-TEC-13IN.

6. The Debtor failed to provide notice to Zions of the 2nd Case and Zions' foreclosure trustee sold the property to a third party. Lynn Declaration.

7. As noted, the petition in the 2nd Case was deficient for many reasons, not the least of which was the absence of a complete social security number. The Court ordered the Debtor to provide the social security number, which he did not do. The case, therefore, was dismissed on March 17, 2010.

## BACKGROUND INFORMATION

8. County Bank lent the sum of $912,500.00 to the Debtor pursuant to a Promissory Note ("Note"), a copy of which is attached as Exhibit 3 to the Lynn Declaration,

executed on or about January 25, 2007 by the Debtor and his spouse.

9. The Note is secured by a Deed of Trust ("Deed of Trust") executed by the Debtor and his spouse, recorded on or about January 9, 2007 in San Francisco County, and granting a security interest to County Bank in the Property located at 231-233 Fillmore Street, San Francisco, CA 94117, Assessor's Parcel Number, Lot 002, Block 0860, and more particularly described on the Deed of Trust, a copy of which is attached as Exhibit 4 to the Lynn Declaration.

10. County Bank assigned its interest in the Note and Deed of Trust to Zions in an Assignment of Beneficial Interest Under Deed of Trust ("Assignment") recorded July 28, 2008 in San Francisco County. A true and correct copy of the Assignment is attached as Exhibit 5 to the Lynn Declaration.

11. The Debtors defaulted on payments on the loan on June 5, 2009 and have made no payments since them. The amount required to pay the loan is the sum of $964,937.39. Lynne Declaration.

12. The Debtors identified the Property in Schedule D of their 1st Case as having a value of $1,825,000, with a second lien in favor of the SBA in the sum of $750,000.

13. The Debtors' Schedule D in the 1st Case showed a third lien in favor of Westamerica in the sum of $259,069.

14. The Debtors owe delinquent secured real property taxes in the sum of approximately $51,721.56 for three years.

15. Thus, there is no equity in the property for the Debtors.

**ARGUMENT**

16. Zions seeks an order annulling the automatic stay of the second case to validate its foreclose sale of the Debtors' interest in the Property to a third party.

17. The Court has authority to annul the automatic stay to validate a sale that occurred which the stay was purportedly in force pursuant to 11 U.S.C. section 362(d). *Algeran, Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 1425 (9th Cir. 1985).

WHEREFORE, Zions prays for an order annulling the stay of 11 U.S.C. section 362 as to the Property.

1. Zions also requests a waiver of Federal Rule of Bankruptcy Procedure 4001(a)(3) so that any order is effective immediately upon its issuance; and

2. For such other relief as the Court deems proper.

Respectfully Submitted,

Dated: March 18, 2010                    PARKINSON PHINNEY

By: _____
*Donna T. Parkinson* (signature)

Donna T. Parkinson, Counsel for
Zions First National Bank